

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20286-CIV-SEITZ/O'SULLIVAN

FIROZ P. VESUNA,

    Plaintiff,

v.

C.S.C.S. INTERNATIONAL, N.V., *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on the Defendants' Motion to Dismiss on Forum Non Conveniens Grounds/Motion to Compel Arbitration [DE-13, 16]. Plaintiff was injured while working aboard a vessel owned and operated by Defendants. Plaintiff filed a four count complaint alleging claims for: (1) Jones Act negligence; (2) unseaworthiness; (3) failure to provide maintenance and cure; and (4) failure to treat. Defendants' Motion seeks to dismiss all counts on forum non conveniens grounds based on established case law and to compel arbitration. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

**Background Facts**

Plaintiff was employed by Defendant Cruise Ships Catering and Services International, N.V. (CSCS), a Netherlands Antilles corporation, as a seaman onboard the vessels Costa Europa and Costa Atlantica, which are owned and operated by Defendant Costa Crociere S.p.A., an Italian corporation. Plaintiff and CSCS entered into an employment contract whereby Plaintiff agreed to the terms of the contract which incorporated by reference the terms of the Collective Agreement between CSCS and certain unions. Article 30 of the Collective Agreement, in pertinent part, states:

>Any question that may arise concerning the application of laws, or of the terms and conditions of this Contract or of individual agreements, shall be subject to the jurisdiction of the Court of Genoa (ITALY), which shall conduct the compulsory arbitration and settlement procedure laid down for such cases.

Plaintiff filed his complaint against six Defendants. Four Defendants have since been dismissed leaving only CSCS and Costa Crociere as Defendants. Plaintiff's complaint alleges that, while onboard the vessel Costa Atlantica, Plaintiff injured his low back while lifting a heavy load. As a result, Plaintiff filed his complaint under the Jones Act and the general maritime law of the United States. Defendants removed the case from Florida state court and subsequently filed the present motion.

Plaintiff alleges that his injury occurred on or about January 1, 2006 while aboard the Costa Atlantica.[1] The injury occurred while the ship was in dry-dock. Neither Plaintiff or Defendants provide any information about where the ship was dry-docked at the time of Plaintiff's injury. However, by affidavit, Defendants have provided evidence that the ship was not dry-docked in the United States and that, in fact, neither ship was ever in United States' waters while Plaintiff was onboard. Plaintiff has not controverted Defendants' affidavit.

**The Motion to Dismiss Should Be Granted**

Defendants move to dismiss on forum non conveniens grounds. Defendants argue that United States law does not apply to this action and that the forum non conveniens factors weigh in favor of dismissal. Plaintiff responds that recent amendments to the Jones Act impliedly imposed a limit on a court's discretion to dismiss a case based on forum non conveniens. The

---

[1]According to the records of CSCS, Plaintiff was not employed aboard the Costa Atlantica, but aboard the Costa Europa, in January 2006. Plaintiff was not employed aboard the Costa Atlantica until August 2006.

amendments to the Jones Act deleted its forum selection clause. As discussed below, the amendments to the Jones Act do not limit the Court's ability to dismiss on forum non conveniens grounds, United States law does not apply to Plaintiff's claims, and Defendants have met their burden of establishing forum non conveniens grounds. Consequently, the Motion to Dismiss shall be granted.

The 2008 Amendments to the Jones Act Do Not Change Existing Law

In 2008 Congress amended the Jones Act as part of its efforts to update and recodify the Act. The amendments included a repeal of the venue provision of the Jones Act, formerly 46 U.S.C. § 30104(b). In reference to this repeal, the Committee Report submitted to the House stated:

> This subsection is being repealed to make clearer that the prior law regarding venue, including the holding of *Pure Oil Co. v. Suarez*, 384 U.S. 202 (1966) and cases following it, remains in effect, so that the action may be brought wherever the seaman's employer does business. Because the codified provision could be read to be inconsistent with that holding, the Committee believes it should be repealed, retroactive to the date of codification . . .

H.R. Rep. No. 110-437, at 5 (2007). Plaintiff asserts that the language "so that the action may be brought wherever the seaman's employer does business" evidences Congress's intention to limit a court's ability to dismiss a Jones Act case based on forum non conveniens. However, Plaintiff's reading ignores some of the very language on which he relies: "[t]his subsection is being repealed to make clearer that the prior law regarding venue . . . remains in effect." Plaintiff's reading of this language also ignores another portion of the House Report stating:

> the provisions of this bill are not intended to make any substantive changes to the laws now codified in that title. Like the codification itself, these changes are intended to restate the law without substantive change, including applicable case law interpreting the earlier, pre-codification provisions.

3

*Id.* at 2. Thus, despite the repeated language in the House Report that the amendments would not change existing law, Plaintiff argues that the repeal of the venue provision, which was part of the amendments, significantly changed existing, established law regarding venue and forum non conveniens. Plaintiff's reading also ignores the fact that although venue may be proper in a particular forum, the doctrine of forum non conveniens may still require dismissal. *See Sinochem Intern'l Co. v. Malaysia Intern'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (characterizing forum non conveniens as "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined") (quotations in original and citations omitted)). In other words, even if venue is proper in this District under the Jones Act, the doctrine of forum non conveniens can still result in dismissal of this action because another forum, or jurisdiction, is more appropriate. Thus, the repeal of the venue provision in the Jones Act did not have the effect argued by Plaintiff. Consequently, the Court must analyze Defendants' Motion to Dismiss under the long existing forum non conveniens analysis for a maritime case.

United States Law Does Not Apply to This Case

In a maritime case, the decision whether to dismiss on forum non conveniens requires a two pronged analysis. *Scumlicz v. Norwegian America Line, Inc.*, 698 F.2d 1192, 1195 (11th Cir. 1983). The Court must first decide whether United States law applies[2] and then, if it does

---

[2] Plaintiff's reliance on *Thomas v. Carnival Corp*, 573 F.3d 1113 (11th Cir. 2009) is inapposite because the *Thomas* Court assumed that U.S. law would apply. The *Thomas* Court assumed that the plaintiff could bring a claim under the U.S. Seaman's Wage Act if arbitration were not compelled. Thus, the Eleventh Circuit held the arbitration provision at issue null and void because it barred the plaintiff from relying on any U.S. statutorily-created causes of action by explicitly stating that the arbitrator would apply Panamanian law. In this case, as discussed below, United States law does not apply. Thus, Plaintiff is not being deprived of any rights or

not, apply the traditional analysis for forum non conveniens. *Id.* The United States Supreme Court has set out a non-exhaustive list of factors to consider in determining whether United States law applies. The factors are: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured party; (4) the allegiance of the defendant shipowner; (5) the place of the contract; (6) the inaccessibility of the foreign forum; (7) the law of the forum; and (8) the shipowner's place of operations. *Lauritzen v. Larsen*, 345 U.S. 571, 583-92 (1953) (setting out factors one through seven); *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306, 309 (1970) (setting out eighth factor and stating that the list is non-exhaustive). An analysis of these factors shows that nearly all of them weigh against the application of United States law.

*1. The Place of the Wrongful Act*

Plaintiff does not allege that his injury occurred in the United States or in U.S. waters. The complaint alleges that Plaintiff was injured while the ship was in dry-dock. The complaint does not specify where the vessel was dry-docked. However, Defendants have attached the Affidavit of Laurence A. Klutz[3] to their Motion to Dismiss, in which Mr. Klutz states that while Plaintiff was employed aboard the Costa Europa and the Costa Atlantica, the ships never entered U.S. waters. Plaintiff does not dispute this statement. Thus, Plaintiff's injuries could not have occurred in the United States. Consequently, this factor weighs against applying U.S. law.

---

causes of action. Further, the arbitration provision at issue here does not specify the law the arbitrator should apply, as in the *Thomas* arbitration provision. Consequently, *Thomas* does not control in this case.

[3]Mr. Klutz is the President of International Risk Services, Inc.. International Risk is a consulting company that provides claims administration services to facilitate the handling of crew medical claims. International Risk has a contract with CSCS to provide these services to it.

*2. The Law of the Flag*

Plaintiff does not allege that either the Europa or the Atlantica are U.S. flagged. In fact, in the Klutz Affidavit, Defendants present evidence that both ships, at all relevant times, were Italian-flagged vessels. Plaintiff does not dispute that both ships are Italian-flagged. Although Plaintiff states that these are flags of convenience, neither Atlantica's nor Europa's flag is a flag of convenience because both fly an Italian flag, which is the flag of the country of its owner.[4] Further, in *Lauritzzen* the Supreme Court stated that "the weight given to the [flag] overbears most other connecting events in determining applicable law." 345 U.S. at 585. Thus, this factor weighs heavily against applying United States law.

*3. The Allegiance or Domicile of the Injured Party*

Plaintiff has not alleged the place of his domicile. Defendants, through the Klutz Affidavit, state that Plaintiff is a resident and citizen of India. Plaintiff does not dispute this. Thus, this factor weighs against the application of Unites States law.

*4. The Allegiance of the Shipowner*

Plaintiff does not allege the nationality of the shipowner, Costa Crociere. However, Defendants, through the Klutz Affidavit, state that Costa Crociere is an Italian corporation with its headquarters in Italy. Further, Costa Crociere is not registered to conduct business in the United States, has no offices in the United States, and has no employees in the United States. Thus, this factor also weighs against the application of United States law.

---

[4] A ship flies a flag of convenience when the nationality of the ship's owner is different from the country of the ship's registration. *Thomas*, 573 F.3d at 1116, n.4.

### 5. *The Place of the Contract*

In *Lauritzen* the Supreme Court recognized that in a tort action this factor should not carry much weight, if any. *Id.* at 588-89. Neither side has presented any evidence regarding the place of the contract, other than that the Collective Agreement is an Italian contract. Further, there is no evidence that Plaintiff was ever in the United States. Thus, given the Court's lack of information regarding this factor and the holding in *Lauritzen*, this Court will not consider this factor in its determination.

### 6. *The Inaccessibility of the Foreign Forum*

Plaintiff does not argue that he does not have access to a foreign forum. On the other hand, Defendants point out that Plaintiff has access to several fora, including Italy, which is specified in the Collective Agreement, India, and the Netherlands Antilles. Plaintiff does not dispute this. Further, Defendants have stipulated that they waive any time limitation defenses and stipulate to jurisdiction in any of these fora. Thus, this factor weighs against the application of U.S. law.

### 7. *The Law of the Forum*

In *Lauritzen* when considering this factor, the Supreme Court stated that "we can find no justification for interpreting the Jones Act to intervene between foreigners and their own law because of acts on a foreign ship not in our waters." *Id.* at 593. Furthermore, this factor is entitled to little weight because fortuitous circumstances often determine the forum. *Membreno v. Costa Crociere S.p.A.*, 425 F.3d 932, 936 (11th Cir. 2005) (quotation marks and citations omitted). Thus, this factor does not weigh in favor of U.S. law.

### 8. *The Shipowner's Place of Operations*

Plaintiff asserts that this factor outweighs all other factors and dictates that United States law should be applied in this case. Plaintiff argues that the facts of his case are very similar to the facts in *Hellenic Lines, Ltd. v. Rhoditis,* 398 U.S. 306, the case which added this factor to consideration, and where the Court applied United States law. However, the similarities between the two cases are not as strong as Plaintiff argues. In *Rhoditis*, the first seven factors weighed nearly evenly between applying U.S. law and not applying it. That is not the case here, where factors one through four and factors six and seven all clearly weigh against the application of U.S. law and factor five does not weigh either way. Further, in *Rhoditis* the shipowner's contacts with the United States were significantly stronger than here.

Unlike in *Rhoditis* and contrary to Plaintiff's assertions, Costa Crociere operates its business out of Genoa, Italy; it is not even registered to do business in the United States. Plaintiff claims that Costa Crociere maintains an office in Hollywood, Florida. However, the excerpt from Costa Crociere's website that Plaintiff has submitted in support of this argument indicates that the office in Hollywood belongs to Costa Cruise Lines, N.V., which is a separate legal entity, and Plaintiff has not given the Court any reason to disregard this. Further, while Costa Crociere is a wholly owned subsidiary of Carnival Corporation, a Panamanian corporation with its headquarters in Miami, Florida, there is no evidence to show that Costa Crociere is actually operated from Carnival's headquarters in Miami, Florida. Plaintiff's claim that the bulk of Costa Crociere's income comes from U.S. passengers is completely unsubstantiated and rebutted by findings in other cases. *See Membreno,* 425 F.3d at 937 (noting that 80-85% of Costa Crociere's business comes from the European market). Plaintiff also relies on a venue

8

selection clause in Costa Crociere's passenger ticket which names Broward County as the exclusive forum for passenger suits. However, the application of that clause is expressly limited to those passengers on cruises that depart from, return to, or visit a United States port. Disregarding the fact that Plaintiff is a seaman and not a passenger, while Plaintiff worked aboard the Europa and Atlantica neither boat docked in the United States. Finally, the Eleventh Circuit has previously held that Costa Crociere does not have a substantial base of operation in the United States. *Membreno*, 425 F.3d at 936-37. Consequently, this factor also weighs against applying U.S. law.

Forum Non Conveniens Mandates Dismissal of this Matter

Having determined that United States law does not apply, the Court must now apply the traditional test to determine whether this case should be dismissed on forum non conveniens grounds. Generally, a party's choice of forum is given great deference; however, when the plaintiff is foreign, much less deference is given to his choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-256 (1981). The party seeking dismissal on forum non conveniens grounds must demonstrate three things: (1) an adequate alternative forum is available; (2) the public and private factors weigh in favor of dismissal; and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *Membreno*, 425 F.3d at 937 (quotations and citation omitted). Private-interest factors include the ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses, and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* If the private factors are found to be in "equipoise or near equipoise," then a court should turn to the public-interest factors to tip the balance. *SME Racks,*

*Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004) (citing *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir.1983)). Public-interest factors include the sovereigns' interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law. *Membreno*, 425 F.3d at 937-38 (quotations and citations omitted). The need to apply foreign law is a public-interest factor that mitigates strongly in favor of dismissal. *Id.* (quotations and citations omitted).

Defendants have met their burden on each of the elements. Defendants have offered not one, but three alternative fora: Italy, India, and the Netherlands Antilles. Defendants have stipulated to jurisdiction in all three of these fora. In cases involving these Defendants and injured seamen, Courts have previously found at least two of these fora adequate. *See Membreno*, 425 F.3d at 937 (finding Italy, the Netherlands Antilles, and the injured seaman's home country adequate fora); *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 991 (S.D. Fla. 2003) (finding Italy, the Netherlands Antilles and the injured seaman's home country to be adequate fora). Further, Plaintiff has not even argued that any of the alternative fora are inadequate. Consequently, adequate alternative fora exist.

The private interest factors favor dismissal. Most, if not all, of the evidence is outside the United States. While Plaintiff was aboard the Europa and Atlantica they did not dock in the United States. Plaintiff's injury was treated outside the United States, aboard the vessel, in Savona, Italy, and in Mumbai, India. Consequently, the records regarding Plaintiff's treatment and the treating physicians are outside the United States and outside the subpoena power of this Court. Further, Plaintiff has not presented any evidence that indicates that there are any witnesses or records actually located in the United States. Therefore, the practical considerations

that make trial of a case easy, expeditious, and inexpensive all weigh against trying this case in the United States.

While the Court need only address the public interest factors if the private interest factors are in "equipoise or near equipoise," the public interest factors also weigh in favor of dismissal. The sovereign has no interest in adjudicating a case between a foreign seaman and a foreign owned and flagged ship. As set out above, United States law is not applicable to this matter so foreign law will be applied. Consequently, this factor also favors dismissal. Finally, there is nothing to indicate that Plaintiff cannot reinstate his suit in an alternative forum. In fact, Defendants have stipulated to jurisdiction in all of the alternative fora and have waived any time bar defenses. Thus, Plaintiff would not be prejudiced if he must reinstate his suit in another forum. Accordingly, it is hereby

ORDERED that:

1. Defendants' Motion to Dismiss on Forum Non Conveniens Grounds [DE-13] is GRANTED.

2. This case is DISMISSED.

3. All pending motions not otherwise ruled upon, with the exception of Defendants' Motion for Sanctions [DE-26] and the associated Report and Recommendation [DE-49], are DENIED as moot.

4. The Clerk is directed to CLOSE this case.

DONE and ORDERED in Miami, Florida, this 25th day of November, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record